UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL EUGENE WYATT,

    Petitioner,

v.

JOHN SUTTON,

    Respondent.

Case No. 18-cv-06588-PJH

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

Petitioner was sentenced to 56 years to life in prison after being found guilty of first-degree murder. *People v. Wyatt*, No. A144872, 2018 WL 1633816, at *5 (Cal. Ct. App. April 5, 2018). His appeals were denied by the California Court of Appeal and California Supreme Court. Petition at 3. He states that he filed no state habeas petitions, but he has included the cover letter for a pro se petition to the California Supreme Court.

In the California Court of Appeal petitioner contended that: (1) there was insufficient evidence of premeditation and deliberation for first degree murder; (2) the court erroneously admitted evidence of his prior conviction for voluntary manslaughter; (3) the court should have instructed the jury not to use the evidence of the prior homicide unless it made a preliminary finding that the homicide was committed with malice; (4) the court should have instructed the jury on self-defense and imperfect self-defense; (5) the prosecutor committed misconduct by saying that manslaughter was "murder with an

excuse;" and (6) cumulative error. *Wyatt*, 2018 WL 1633816, at *1. It is not clear what claims were presented to the California Supreme Court.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### LEGAL CLAIMS

In the original petition, petitioner alleged that: 1) there should have been a change of venue; 2) the reviewing court substituted itself for the jury in rejecting self-defense; and 3) there was a Jacob error because the government must prove every element of the crime beyond a reasonable doubt. It appeared that claim two could relate to the appellate claim that the trial court should have instructed the jury on self-defense and imperfect self-defense. The court was not certain what a Jacob error is, and it was possible that claim three related to the appellate claim that there was insufficient evidence of premeditation and deliberation for first degree murder. It did not appear that the first claim regarding venue was exhausted in state court. The petition was dismissed

with leave to amend for petitioner to present his claims in a clear manner and to present claims that had been exhausted.

In the amended petition, petitioner presents three claims of ineffective assistance of counsel. However, it still does not appear that these claims were exhausted by being presented to the California Supreme Court. Before petitioner may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id*. Petition may choose to proceed only with claims that have been properly exhausted. If petitioner seeks to exhaust further claims he may also file a motion for a stay.

The amended petition is dismissed with leave to amend. In a second amended petition, petitioner should present claims that were exhausted by being presented to the California Supreme Court. Petitioner should specify in the petition the claims that were denied by the California Supreme Court. Petitioner is again reminded that he must present all his claims in the second amended petition. He may not present additional claims and arguments in separate letters to the court. Petitioner may wish to file with the court the full petition that was submitted to the California Supreme Court by his appellate attorney and his pro se petition to that court.

## CONCLUSION

1. The amended petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended petition must be filed no later than **March 4, 2019**, and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to file an amended petition may result in the dismissal of this action.

2. Petitioner is reminded that all communications with the court must be

3

served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 29, 2019

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE WYATT,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN SUTTON,<br><br>    Defendant. | Case No. 18-cv-06588-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 29, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Eugene Wyatt ID: AW6376
Wasco State Prison
101 Scofield Avenue
P.O. Box 8800
Wasco, CA 93280

Dated: January 29, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON