UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL EUGENE WYATT,
    Plaintiff,

v.

JOHN SUTTON,
    Defendant.

Case No. 18-cv-06588-PJH

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition was dismissed with leave to amend and petitioner has filed a second amended petition.

## BACKGROUND

Petitioner was sentenced to 56 years to life in prison after being found guilty of first-degree murder. *People v. Wyatt*, No. A144872, 2018 WL 1633816, at *5 (Cal. Ct. App. April 5, 2018). His appeals were denied by the California Court of Appeal and California Supreme Court. Docket No. 1 at 3. A pro se habeas petition to the California Supreme Court was also denied. Docket No. 19 at 7-19.

In the California Court of Appeal petitioner contended that: (1) there was insufficient evidence of premeditation and deliberation for first degree murder; (2) the court erroneously admitted evidence of his prior conviction for voluntary manslaughter; (3) the court should have instructed the jury not to use the evidence of the prior homicide unless it made a preliminary finding that the homicide was committed with malice; (4) the court should have instructed the jury on self-defense and imperfect self-defense; (5) the prosecutor committed misconduct by saying that manslaughter was "murder with an

excuse;" and (6) cumulative error. *Wyatt*, 2018 WL 1633816, at *1. The claims presented in the pro se petition to the California Supreme Court are difficult to understand but involve ineffective assistance of counsel. Docket No. 19 at 7-19.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### LEGAL CLAIMS

The first two petitions were dismissed with leave to amend because it was not entirely clear the claims petitioner had presented. Liberally construing the second amended petition, petitioner asserts that: (1) the trial court erred by failing to instruct the jury on self-defense and imperfect self-defense; (2) there was insufficient evidence of premeditation and deliberation for first degree murder; and (3) ineffective assistance of counsel for failing to object to improper jury instructions and failing to present a claim of self-defense. These claims are sufficient to require a response. If these are not the claims petitioner wishes to proceed with, he must inform the court within fourteen-days.

**CONCLUSION**

1. All claims are dismissed except the claims discussed above. If these are not the claims petitioner wishes to proceed with, he must inform the court within **fourteen-days**.

2. The clerk shall serve by regular mail a copy of this order and the petition (Docket No. 19) and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this

3

action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March 4, 2019

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2018\2018_06588_Wyatt_v_Sutton_(PSP)\18-cv-06588-PJH-osc.docx